Motion GRANTED.

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CASE NO. 3:10-00278 |
| ) | JUDGE TRAUGER |
| DAVID A. MARTIN ) | |

### DEFENDANT DAVID MARTIN'S MOTION TO STRIKE THE MOTION DISMISS THE INDICTMENT

Defendant David A. Martin, by and through undersigned counsel, moves the Court to strike the motion to dismiss the indictment that was file October 18, 2012 (Docket Entry No. 63). Defendant also requests permission to strike the memorandum of law (Docket Entry No. 64).

For reason, undersigned counsel would show to the Court that after the motion to dismiss the indictment was filed on October 18, 2012, there were several telephone discussions on October 19 with both counsel for the government and Mr. William King in Louisiana. It became apparent from those telephone conversations that the state district court judge in Bossier Parish, Louisiana was not advised about Mr. Martin's 2003 New Mexico conviction for illegal re-entry under 8 U.S.C. § 1326(a) when the Louisiana order of dismissal was signed on September 11, 2012. Undersigned counsel thought the information as to the 2003 conviction had been transmitted prior to the state court judge signing the order, and accepts responsibility for the oversight and failure.

For that reason, undersigned counsel requests permission to strike the motion to dismiss the indictment and memorandum of law. The motion to dismiss the indictment may be renewed at a later date, if the facts and law warrant the filing of such a motion.

1